FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

2005 JAN 31 P 3: 57

RALPH L. DELOACH
CLERK
DEPUTY

| | |
|---|---|
| GERALD BURKHEAD, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) CASE NO. |
| vs. | ) 05- 4010 - SAC |
| | ) |
| UNION PACIFIC RAILROAD, | ) |
| | ) |
| Defendant. | ) |

### COMPLAINT - FEDERAL EMPLOYER'S LIABILITY ACT

COMES NOW the Plaintiff, GERALD R. BURKHEAD, by and through his attorneys, BLUNT & ASSOCIATES, LTD., and for his cause of action against the Defendant, UNION PACIFIC RAILROAD COMPANY, alleges as follows:

1.     That on or about February 18, 2002 the Defendant, UNION PACIFIC RAILROAD COMPANY, was engaged in the business of interstate commerce in and throughout the several states of the United States as a common carrier by railroad; and for the purpose thereof did operate and do business in and about the State of Kansas.

2.     That Plaintiff has been employed by the Defendant as a trackman, among other duties, and was engaged in the performance of his duties as such worker at the time he was injured while working for Defendant, as hereinafter alleged.

3.     That at said time and prior thereto, all or part of Plaintiff's duties as an employee of the Defendant were in furtherance of interstate commerce and closely, directly and substantially affected the same, by reason whereof the rights

and liabilities of the parties are governed by the Act of Congress known as the Federal Employer's Liability Act, 45 USC, Sections 51-60.

4. That while working as a trackman from on or about February, 2002 through the end of July, 2002, Plaintiff was engaging in his assigned duties as a trackman in Kansas and Arizona when he suffered injury to his left shoulder.

5. That on or about February 18, 2002, Plaintiff was undergoing a fitness for duty evaluation at the behest of the Defendant when he experienced extreme pain and stiffness in his left shoulder to subsequent to lifting boxes weighing approximately 50 lbs.

6. Subsequently, Plaintiff was seen by various doctors and was diagnosed as having frozen shoulder and rotator cuff problems.

7. On or about the first week of July, 2002, Plaintiff's doctor advised Defendant that Plaintiff should not be working because of his shoulder problems, however, the Defendant's Medical Department found that Plaintiff was fit for duty without restrictions even though the Defendant's Medical Director had not himself conducted an examination of Plaintiff.

8. Pursuant to the directions of Defendant's Medical Department Plaintiff then returned to work at which time his shoulder condition became disabling resulting in the Defendant's decision to medically disqualify Plaintiff from all duties on or about July 29, 2002.

9. That Defendant, by and through its duly authorized agents and employees, was then and there guilty of one or more of the following negligent acts or omissions in violation of the FELA:

a)     That Defendant negligently and carelessly assigned Plaintiff to heavy industrial duties as a track laborer despite specific knowledge that Plaintiff was suffering from a serious medical condition in his left shoulder and that such duties posed an unreasonable risk of further injury and aggravation of his left shoulder injury;

b)     That Defendant thus failed to provide Plaintiff with a safe place to work; and

c)     That Defendant negligently failed to restrict Plaintiff's work activities so as to prevent further injury and aggravation of the known left shoulder condition and thus negligently assigned Plaintiff to duties which caused Plaintiff's disability and injury.

d)     That Defendant negligently failed to adequately monitor Plaintiff's medical condition.

10     That as a result, in whole or in part, of one or more of the foregoing negligent acts or omissions, Plaintiff sustained severe and permanent injuries to his left shoulder and upper extremities, resulting in disability, which has caused and will cause him in the future to suffer pain and mental anguish; and he has lost and will in the future lose earnings he otherwise would have earned but for injury; and he has been, and will in the future be, compelled to obligate himself for medical aid and attention and cots; and his future earning capacity has been seriously diminished thereby; and he has suffered a loss of enjoyment of life; all to the damages of Plaintiff.

WHEREFORE, Plaintiff, GERALD R. BURKHEAD, prays judgment against the Defendant, UNION PACIFIC RAILROAD COMPANY for his damages along with costs of this suit.

BY:    _____
Rachel Mackey
Kansas Bar No. 15096
632 S. Van Buren, Lower Level
Topeka, KS 66603
Telephone:  (785) 233-2700
Facsimile:  (785)232-7004
Rachel@mackeylaw.net

_____
Robert B. Ramsey
Blunt & Associates, Ltd.
P. O. Box 373
Edwardsville, IL 62025
Telephone:  (618) 656-7744
Facsimile:  (618) 656-7849
Kayk@bluntlaw.com

Attorneys for Plaintiff